Johnson, C. J„- The only question involved in the investigation of this case is, whether the circuit court erred in excluding the transcript offered in evidence by the defendant below. It is enacted by the 1st section of the 116th Chap, of the Revised Code that “ in every action brought against any public officer of this State, or against any person specially appointed according to law to- execute the duties of any such office, for or concerning any act done by such officer o'r person by virtue or reason of his office and in an action against any other person, who by the command of such officer or person or in aiding or assisting him, may do any thing touching the duties of such office or appointment, the defendant may plead the general issue and give the special matter in evidence by giving the adverse party notice in writing of the special matter intended to be offered in evidence.” The defence interposed here, as shown by the record, is that the defendant below filed his plea of not guilty, “ and gave notice according to the form of the statute in such cases made and provided that he would introduce special matter in justification.” It is contended by the plaintiff that this entry is equivalent to an actual filing of a notice and that too in strict conformity with the requisition of the statute. It was held by this court in the case of Moore v. Stone, 5 A. R. p. 256, “ that where the record states that the defendant filed the following plea, and a plea of the general issue is then copied in the transcript, but the clerk has not marked the plea filed, nor stated the time it came in, and neither the court nor the plaintiff took any notice of it, this court will, in favor of the judgment below, consider it as forming no part of the record, but as having been placed among the papers by mistake or interpolation.” This case is still stronger against the party pleading, for it does not appear that he actually filed any notice whatever. The mere statement upon the record that a notice was given or that a plea was filed furnishes no legal evidence of the fact. The notice or plea itself must be copied into the transcript and sent into this court, so that the court may see it, and thereby be enabled to decide upon its legal sufficiency. It is utterly impossible for this court to determine whether such a notice as the statute requires has been filed or not, unless the notice is brought before us and subjected to our inspection. We are therefore clear that it is not only necessary to file a notice in writing, but that it is equally indispensable that it should set out substantially the facts upon which the party relies. This being the view which we have taken of this case it is therefore clear that there is no error in the judgment, of the circuit court in thus excluding the evidence from the jury, ^ Judgment affirmed